

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

GREGORY BROADY
Vs.
ZANAZIBAR ON THE WATERFRONT, LLP

C.A. No.    2006 CA 001774 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RUSSELL F CANAN
Date:  March 3, 2006
Initial Conference: 9:30 am, Friday, June 09, 2006
Location:  Courtroom 518
       500 Indiana Avenue N.W.
       WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

GREGORY BROADY

*Plaintiff*

VS.

ALLEN IVERSON

*Defendant*

06-0001774

Civil Action No. _____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Tina L. Snee, Esq.
Name of Plaintiff's Attorney

9401 Lee Highway, Suite 206
Address

Fairfax, VA 22031

(703) 352-8833
Telephone

By _____
Deputy Clerk

Date  MAR 0 3 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

GREGORY BROADY,                    )
                                   )
        Plaintiff,                 )
                                   )          06-0001774
v.                                 )          Civil Action No. _____
                                   )
ZANZIBAR ON THE WATERFRONT, LLC    )
                                   )
and                                )
                                   )
ALLEN IVERSON                      )
                                   )
and                                )
                                   )
JOHN DOE                           )
                                   )
        Defendants.                )

RECEIVED
Civil Clerk's Office
MAR 0 3 2006
Superior Court of the
District of Columbia
Washington, D.C.

**COMPLAINT**

COMES NOW the plaintiff, Gregory Broady, by and through counsel, and files this Complaint against the defendants, jointly and severally, and in support thereof states as follows:

1.   On or about June 4, 2004, plaintiff was an invitee of Zanzibar on the Waterfront, LLC.

2.   On or about that same date and at the same location, Allen Iverson came onto the property of Zanzibar on the Waterfront, LLC.

3.   At that same time and place, John Doe was present at Zanzibar on the Waterfront, LLC.

4.   John Doe, wearing a shirt that indicated he was "Security," came onto the premises at about the same time as Allen Iverson.

5. John Doe began to assert control at Zanzibar on the Waterfront, LLC, indicating which individuals and patrons go to what parts of the bar and locations.

6. The actions of John Doe were known to defendant Zanzibar on the Waterfront, LLC, and to Allen Iverson.

7. John Doe was acting as the employee and/or agent of the defendants in directing patrons and controlling the patrons at Zanzibar on the Waterfront, LLC.

8. John Doe had the apparent authority of Zanzibar on the Waterfront, LLC, and Allen Iverson to control activity at Zanzibar on the Waterfront, LLC.

9. Defendants Allen Iverson and Zanzibar on the Waterfront, LLC, knew or should have known that the actions of John Doe regarding directing and controlling patrons of Zanzibar on the Waterfront, LLC, would reasonably and forseeably interfere with the patrons' abilities to walk, talk, and/or participate in activities at Zanzibar on the Waterfront, LLC.

10. Defendant Zanzibar on the Waterfront, LLC, had a duty to control patrons as well as John Doe on June 4, 2004.

11. In breach of that duty, Zanzibar on the Waterfront, LLC, allowed John Doe to order, advise, and restrict patrons of Zanzibar on the Waterfront, LLC, while Allen Iverson was present.

12. Defendant Allen Iverson knew or should have known that allowing John Doe to restrict, order, and/or place limitations on patrons at Zanzibar on the Waterfront, LLC, would cause contentions with patrons and John Doe.

13. Greg Broady, on June 4, 2004, was told by John Doe he would not be allowed to go from one portion of Zanzibar on the Waterfront, LLC, to another.

14. Greg Broady advised other employees and/or agents of Zanzibar on the Waterfront, LLC, of the restrictions placed on him by John Doe.

15. John Doe's restrictions were with the knowledge and authority or apparent authority of defendants Zanzibar on the Waterfront, LLC, and Allen Iverson.

16. Greg Broady attempted to traverse from one portion of Zanzibar on the Waterfront, LLC, to the other, and was confronted and severely injured by John Doe.

17. At that time, John Doe was acting as the agent/employee and with the apparent authority of Zanzibar on the Waterfront, LLC, and Allen Iverson.

18. Defendants Zanzibar on the Waterfront, LLC, and Allen Iverson are responsible for the actions of John Doe, who was acting as their agent/employee at the time.

19. Zanzibar on the Waterfront, LLC, would be responsible for the actions of John Doe in the alternative for failure to take reasonable and appropriate measures to restrict the conduct of the individuals, including John Doe, accompanying Allen Iverson.

20. Zanzibar on the Waterfront, LLC, knew or should have been aware that it was dangerous to allow other individuals marked "Security" onto its location, and to allow those individuals to assume the security and take steps to restrict the flow of patrons at Zanzibar on the Waterfront, LLC.

21. Allen Iverson knew or should have known that John Doe's actions in restricting access and attending Zanzibar on the Waterfront, LLC, would cause John Doe to take unreasonable and inappropriate measures to restrict the flow of patrons at Zanzibar on the Waterfront, LLC.

GREGORY P. BRADY

By counsel

TINA L. SNEE & ASSOCIATES, PLLC

*[signature]*

Tina L. Snee, Esq. (DCB 416191)  and  David L. Marks, Esq. (DCB 461993)
9401 Lee Highway, Suite 206         10615 Judicial Drive, Suite 101
Fairfax, VA 22031                    Fairfax, VA 22030
(703) 352-8833                       (703) 385-1100
(703) 352-8881 (fax)                 (703) 383-0101

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this matter.

4