UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY BROADY, | : CIVIL ACTION |
| Plaintiff | : NO. 1:06-cv-792 (RMC) |
| v. | : |
| ZANZIBAR ON THE WATERFRONT, LLC, ALLEN IVERSON and JOHN DOE, | : |
| Defendants. | : |

**DEFENDANT ALLEN IVERSON'S
MOTION FOR PROTECTIVE ORDER**

COMES NOW Allen Iverson, Defendant in the above-captioned matter (hereinafter referred to herein as "Mr. Iverson" or "Defendant"), by and through his undersigned counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and moves this honorable Court for an Order that the deposition of Mr. Iverson not be taken in Washington, DC on February 8, 2007.  In support of said motion, Mr. Iverson says, states, and avers as follows:

1. This matter arises out of an alleged physical altercation that occurred on June 4, 2004 at Defendant Zanzibar on the Waterfront, LLC's ("Defendant Zanzibar") establishment in Washington, D.C.

2. Plaintiff's Complaint alleges, *inter alia*, that Mr. Iverson was present at Defendant Zanzibar's establishment in Washington, D.C. on the evening of June 4, 2004, and that Plaintiff was "severely injured" by an unnamed individual allegedly acting as Mr. Iverson's (and/or Defendant Zanzibar's) agent and/or employee.

3. On December 18, 2006, the Court convened a telephone conference regarding discovery matters. Counsel for Plaintiff and Mr. Iverson were both present.

4. During the conference, several issues relating to discovery were discussed, including the taking of Mr. Iverson's deposition. During this conversation, counsel for Mr. Iverson, Alan C. Milstein, informed the Court and counsel that Mr. Iverson had no personal knowledge regarding any of the allegations contained in Plaintiff's Complaint and that Mr. Iverson could not specifically recall where he was on June 4, 2004.

5. Subsequently, Judge Collyer directed Mr. Iverson to produce an Affidavit stating, among other things, any and all personal knowledge he possessed regarding the allegations contained in Plaintiff's Complaint, including where he was and who he was with on the date in question, in order to determine whether the Court's discovery schedule would be altered to allow for the taking of Mr. Iverson's deposition testimony.

6. On January 29, 2007, counsel for Defendant Allen Iverson, Matthew A. Tucker, and counsel for Plaintiff, Tina L. Snee, spoke via telephone regarding scheduling of the depositions of the corporate designee of Defendant Zanzibar and the Plaintiff.

7. During the aforementioned January 29, 2007 telephone conference, Ms. Snee also mentioned that she intended to notice the video taped *de bene esse* deposition of Mr. Iverson on February 8, 2007 in Washington, DC. In response, Mr. Tucker informed Ms. Snee that Mr. Iverson would be unable to attend the proposed deposition at that date, time, and location, because he would be working in Denver, Colorado.

8. Nonetheless, later that same day Ms. Snee served Mr. Iverson's counsel with a Notice of *De Bene Esse* Deposition for the taking of Mr. Iverson's deposition on February 8,

2007, at the offices of L.A.D. Reporting, located at 1100 Connecticut Avenue, NW in Washington, DC 20036.

9. On February 2, 2007, Mr. Iverson executed the accompanying Affidavit, wherein he certified under penalty of perjury, that:

a. He was made aware of Plaintiff's allegations that he was present at Defendant Zanzibar's establishment on the evening of June 4, 2004, and that Plaintiff was "severely injured" by an unnamed individual allegedly acting as Mr. Iverson's agent and/or employee;

b. The date June 4, 2004 holds no special significance to him;

c. Mr. Iverson cannot specifically recall where he was or what he was doing on June 4, 2004, which occurred more than two years ago;

d. Specifically, he does not recall being at Defendant Zanzibar's establishment on the evening of June 4, 2004;

e. Although Mr. Iverson had retained an individual known as Jason Kane to provide security for him in the Washington, D.C. area during the summer of 2004, he does not recall being in the company of Mr. Kane on June 4, 2004;

f. In an effort to ascertain where he may have been on that date, Mr. Iverson's representatives contacted Mr. Kane, who informed them that he does not recall being in Mr. Iverson's company at Defendant Zanzibar's establishment on the evening of June 4, 2004; *and*

g. Mr. Iverson has no recollection of ever being at the Zanzibar during which time an altercation occurred involving his security, anyone traveling with him, or anyone at all.

10. In light of the foregoing contents of Mr. Iverson's Affidavit, it is clear that Mr. Iverson possesses neither any personal knowledge nor any relevant and/or material information with regard to the allegations contained in Plaintiff's Complaint.

11. Accordingly, Mr. Iverson respectfully requests that this Court enter a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ordering that his deposition not be taken.

12. At the inception of this lawsuit, Mr. Iverson was a resident and citizen of the Commonwealth of Pennsylvania. Subsequently, Mr. Iverson and his family have become residents and citizens of the State of Colorado.

13. In the event that this honorable Court determines that Mr. Iverson must provide deposition testimony in this case, Mr. Iverson requests that his deposition be taken in the United States District where he resides and works in order to avoid the annoyance, undue burden and safety concerns associated with traveling to Washington, DC for the taking of his deposition.

14. In the Federal District Courts "[i]t is within the discretion of the court to designate the location for a taking of depositions, and each application must be considered on its own facts and equities." Terry v. Modern Woodman of America, 57 F.R.D. 141 (W.D.Mo. 1972).

15. The general presumption in the Federal District Courts, however, states that "[w]hile the court may order a defendant to appear at any convenient place, case law indicates that 'it will be presumed that the defendant will be examined at his residence or place of business or employment.'" Pinkham v. Paul, 91 F.R.D. 613, 615 (D.Me. 1981) (quoting 4 Moore's Federal Practice § 26.70 (1-3) at 26-514). See also Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D.Mich. 1987); General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D.Mo. 1979). "From these principles has evolved the rule that in federal litigation, in

4

the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." Farquhar, 116 F.R.D. at 72 (citing Salter v. Upjohn Co., 593 F.2d 649, 671 (5th Cir. 1979); Dunn v. Standard Fire Ins. Co., 92 F.R.D. 31 (E.D.Tenn. 1981); General Leasing Co., 84 F.R.D. at 131.

> Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.

Farquhar, 116 F.R.D. at 72 (citing Work v. Bier, 107 F.R.D. 789, 792 (D.D.C. 1985).

WHEREFORE, in light of Mr. Iverson's lack of any personal knowledge of the events giving rise to Plaintiff's lawsuit, as averred in his accompanying Affidavit, and in the interests of judicial economy, Mr. Iverson hereby moves this honorable Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ordering that his deposition not be taken. In the event that this Court orders that Mr. Iverson must provide deposition testimony in this case, however, Mr. Iverson alternatively moves the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ordering that his deposition be taken in Denver, Colorado (or its immediately adjoining suburbs) in light of the above-referenced case law regarding the proper time and place of depositions in the Federal District Courts, and in order to protect Mr. Iverson from the inconvenience, undue burden and safety concerns associated with traveling to Washington, DC for the taking of his deposition.

                                                        Respectfully submitted,

                                                        **SHERMAN, SILVERSTEIN, KOHL,**
                                                        **ROSE & PODOLSKY, P.A.**

Dated:     February 7, 2007         By:     */s/ Matthew A. Tucker*
                                                        Alan C. Milstein, Esquire
                                                        Matthew A. Tucker, Esquire
                                                        Fairway Corporate Center
                                                        4300 Haddonfield Road - Suite 311
                                                        Pennsauken, NJ 08109
                                                        Telephone: (856) 662-0700
                                                        Facsimile: (856) 488-4744
                                                        *Attorneys for Defendant Allen Iverson*