UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY BROADY, | : CIVIL ACTION |
| Plaintiff | : NO. 1:06-cv-792 (CKK) |
| v. | : |
| ZANZIBAR ON THE WATERFRONT, LLC, ALLEN IVERSON and JOHN DOE, | : |
| Defendants. | : |

## JOINT STATUS REPORT

Pursuant to Judge Rosemary M. Collyer's July 13, 2007 Order referring the above-captioned case to Magistrate Judge John M. Facciola for the purposes of mediation and directing the parties to file a joint status report on September 17, 2007, the parties hereby submit the following joint status report, which outlines the parties' stances with respect to the enumerated matters set forth in LCvR 16.3(c). In conformity with LCvR 16.3(a), Plaintiff's counsel and Defendants' counsel met telephonically, and conferred on all relevant matters. As a result of that meeting, the parties submit the following joint report:

## STATEMENT OF THE CASE

This lawsuit arises from an alleged physical altercation that occurred on June 4, 2004 at Defendant Zanzibar on the Waterfront, LLC ("Zanzibar")'s establishment in Washington, D.C. Plaintiff, Gregory Broady, initiated this action with the filing of a Complaint in the Superior Court of the District of Columbia, Civil Division on March 3, 2006 against Defendants, Zanzibar and Allen Iverson. This case was subsequently removed to this Court by Defendant Iverson pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds $75,000 and is between citizens of different states. Discovery in this matter has now been concluded, although Defendant Zanzibar served several subpoenas prior to the discovery end date for which it has not yet received responses. In addition, the parties recently attended a settlement conference before Magistrate Judge John M. Facciola, which has yet to resolve the matter.

1

### LCvR 16.3(c) MATTERS DISCUSSED BY THE PARTIES

1. Defendants Zanzibar and Iverson believe that most – if not all – of Plaintiffs' claims may be determined by dispositive motion. Plaintiff believes that it is unlikely that this matter will be disposed of by dispositive motion.

2. It is not anticipated that the parties will amend their pleadings or join additional parties. The parties do not believe that the factual or legal issues may be agreed upon or narrowed.

3. The parties do not believe that this case should be assigned to a Magistrate Judge for all purposes, including trial.

4. The parties do believe that there is a somewhat realistic possibility of settling this case prior to trial.

5. The parties do not, however, believe that this case would significantly benefit from additional Court-sponsored alternative dispute resolution procedures at this time.

6. Defendants Zanzibar and Iverson believe that most – if not all – of Plaintiffs' claims may be determined by dispositive motion and intend to file motions for summary judgment or other dispositive motion(s). The parties recommend the following timelines with regard to such dispositive motions:

   a. Deadline for filing dispositive motions:   45 days from the entry of an Updated Scheduling Order

   b. Deadline for filing oppositions:   14 days after filing of motion

   c. Deadline for filing replies:   7 days after opposition filed

7. The parties stipulate to dispense with the initial disclosure provisions of Fed. R. Civ. P. 26(a)(1).

8. Although discovery has concluded in this case, Defendant Zanzibar served several subpoenas upon Plaintiff's health care providers prior to the discovery end date for which it has not yet received responses, as mentioned above. As such, Defendant Zanzibar intends to object to the admission at trial of any and all testimony, reports or bills from any health care provider whose complete records have not been provided by Plaintiff in its responses to Defendant Zanzibar's original discovery requests.

9. Not Applicable, as Discovery has concluded in this case.

10. Not Applicable, as Discovery has concluded in this case.

11. Defendant Iverson proposes that the issues of causation and damages be bifurcated or managed in phases at the trial of this matter. Plaintiff Broady and Defendant Zanzibar prefer to try all issues at once.

12. The parties propose that a pretrial conference be set for no sooner than 30 days after the Court's ruling on any dispositive motions.

13. The parties propose that a firm trial date in January of 2008 be scheduled for this matter.

**TINA L. SNEE & ASSOCIATES, PLLC**

Dated: September 17, 2007   By: */s/ Tina L. Snee*
Tina L. Snee, Esquire
9401 Lee Highway, Suite 206
Fairfax, VA 22031
Telephone: (703) 352-8833
Facsimile: (703) 352-8881
*Attorneys for Plaintiff Gregory Broady*

**LAW OFFICE OF ANDREW B. GREENSPAN**

Dated: September 17, 2007   By: */s/ Andrew B. Greenspan*
Andrew B. Greenspan, Esquire
8600 LaSalle Road
Oxford Building, Suite 620
Towson, MD 21286-5955
Telephone: (410) 339-7919
Facsimile: (410) 339-4641
*Attorneys for Defendant Zanzibar*

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**

Dated: September 17, 2007   By: */s/ Alan C. Milstein*
Alan C. Milstein, Esquire
Matthew A. Tucker, Esquire
4300 Haddonfield Road - Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Attorneys for Defendant Allen Iverson*