UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY BROADY, | CIVIL ACTION |
| Plaintiff | NO. 1:06-cv-792 (RMC) |
| v. | |
| ZANZIBAR ON THE WATERFRONT, LLC, ALLEN IVERSON and JOHN DOE, | |
| Defendants. | |

**DEFENDANT ALLEN IVERSON'S MOTION FOR
EXTENSION IN THE TIME FOR FILING MOTION FOR SUMMARY JUDGMENT**

COMES NOW Allen Iverson, Defendant in the above-captioned matter (hereinafter referred to herein as "Mr. Iverson" or "Defendant"), by and through his undersigned counsel, Alan C. Milstein and Matthew A. Tucker of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., and moves this honorable Court for an extension of the current deadline for filing of the parties' Motions for Summary Judgment, which are currently scheduled to be filed no later than January 14, 2008, for an additional two (2) days. The herein motion is consented to by opposing counsel. In support of said motion, Mr. Iverson says, states, and avers as follows:

1.  This matter arises out of an alleged physical altercation that occurred on June 4, 2004 at Defendant Zanzibar on the Waterfront, LLC's ("Defendant Zanzibar") establishment in Washington, D.C.

2.  Plaintiff's Complaint alleges, *inter alia*, that Mr. Iverson was present at Defendant Zanzibar's establishment in Washington, D.C. on the evening of June 4, 2004, and that Plaintiff was "severely injured" by an unnamed individual allegedly acting as Mr. Iverson's or Defendant Zanzibar's agent and/or employee.

3.    On December 3, 2007, the parties appeared before Judge Kollar-Kotelly for a Status Conference which set, *inter alia,* he following revenant dates:

    (i)    Summary Judgment motions due by January 14, 2008;

    (ii)   Response to Motion for Summary Judgment due by February 1, 2008; <u>and</u>

    (iii)  Reply to Motion for Summary Judgment due by February 8, 2008.

4.    At the time, Mr. Iverson's counsel did not believe that the above-referenced date for the filing of Motions for Summary Judgment of January 14th would present any problems with regard to time constraints.

5.    Since that time, however, both of Mr. Iverson's counsel have experienced the following intervening events which have limited the time they could devote to the filing of the Motion for Summary Judgment in this matter, including, *inter alia*:

    (i)    The re-scheduled date for the filing of Appellant's initial filings in the U.S. Court of Appeals for the District of Columbia matter of <u>Iverson v. Godfrey v. Godfrey</u> (Case no. 07-7151), which were filed on December 17, 2007;

    (ii)   The filing of Plaintiff's Motion for Summary Judgment in the U.S. District Court for the Eastern District of Pennsylvania matter of <u>1600 Penn Corp. v. Computer Sciences Corporation</u>, (Docket no. 06-5329), which was filed on December 26, 2007, and the filing of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, which was filed on January 9, 2008;

    (iii)    The Superior Court of New Jersey trial of the matter of <u>Psaros v. Saropoulos</u> (Docket no. C-176-04) which commenced on Tuesday, January 8, 2008;

    (iv)    The re-scheduled status conference in the Court of Common Pleas of Philadelphia County of <u>Alphabet Academy, Inc. v. Inverso</u> (Case ID No. 060800689); <u>and</u>

    (v)    The closing of Mr. Tucker's first home in Philadelphia, PA.

6.    Mr. Tucker has spoken with counsel of record for all parties in this action and received their consent to the herein request for an additional two (2) days for the time to file Motions for Summary Judgment.

7.    An extension of the time for filing Motions for Summary Judgment would not appear to require the extension of the current dates for filing Responses thereto (because the date for filing same (February 1, 2008) is currently scheduled more than fourteen (14) days after the proposed date for filing any original Motions) <u>or</u> of the current dates for filing Replies thereto ((because the date for filing same (February 1, 2008) is currently scheduled seven (7) days after the proposed date for filing any Responses).

8.    Mr. Iverson's undersigned counsel understands that Judge Kollar-Kotelly's procedures typically require requests for extension to be filed at least four (4) business days in advance of the time for filing, but respectfully request an exception to that procedure due to the fact that:

    (i)    Mr. Milstein and Mr. Tucker have been unable to devote the time necessary for the filing of a Summary Judgment in this matter due to the intervening matters listed above;

    (ii)    Mr. Tucker has received the gracious consent to the herein request for extension from counsel for all opposing counsel; <u>and</u>

    (iii)    Mr. Iverson's request would not require the re-scheduling of any other deadlines in this matter.

WHEREFORE, in light of the foregoing reasons, Mr. Iverson hereby moves this honorable Court for an Order (in the form of the accompanying proposed Order), granting Mr. Iverson's request for an extension of the current deadline for filing of the parties' Motions for Summary Judgment, which are currently scheduled to be filed no later than January 14, 2008, for an additional two (2) days, until January 16, 2007.

Respectfully submitted,

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**

Dated: January 11, 2007

By: */s/ Alan C. Milstein*
Alan C. Milstein, Esquire
Matthew A. Tucker, Esquire
Fairway Corporate Center
4300 Haddonfield Road - Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
*Attorneys for Defendant Allen Iverson*