IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

GREGORY BRODY, )
)
    Plaintiff, )
) 06-0001774
v. ) Civil Action No. _____
)
ZANZIBAR ON THE WATERFRONT, LLC )
)
and )
)
ALLEN IVERSON )
)
and )
)
JOHN DOE )
)
    Defendants. )

RECEIVED
Civil Clerk's Office
MAR 0 3 2006
Superior Court of the
District of Columbia
Washington, D.C.

**COMPLAINT**

COMES NOW the plaintiff, Gregory Broady, by and through counsel, and files this Complaint against the defendants, jointly and severally, and in support thereof states as follows:

1. On or about June 4, 2004, plaintiff was an invitee of Zanzibar on the Waterfront, LLC.

2. On or about that same date and at the same location, Allen Iverson came onto the property of Zanzibar on the Waterfront, LLC.

3. At that same time and place, John Doe was present at Zanzibar on the Waterfront, LLC.

4. John Doe, wearing a shirt that indicated he was "Security," came onto the premises at about the same time as Allen Iverson.

5. John Doe began to assert control at Zanzibar on the Waterfront, LLC, indicating which individuals and patrons go to what parts of the bar and locations.

6. The actions of John Doe were known to defendant Zanzibar on the Waterfront, LLC, and to Allen Iverson.

7. John Doe was acting as the employee and/or agent of the defendants in directing patrons and controlling the patrons at Zanzibar on the Waterfront, LLC.

8. John Doe had the apparent authority of Zanzibar on the Waterfront, LLC, and Allen Iverson to control activity at Zanzibar on the Waterfront, LLC.

9. Defendants Allen Iverson and Zanzibar on the Waterfront, LLC, knew or should have known that the actions of John Doe regarding directing and controlling patrons of Zanzibar on the Waterfront, LLC, would reasonably and forseeably interfere with the patrons' abilities to walk, talk, and/or participate in activities at Zanzibar on the Waterfront, LLC.

10. Defendant Zanzibar on the Waterfront, LLC, had a duty to control patrons as well as John Doe on June 4, 2004.

11. In breach of that duty, Zanzibar on the Waterfront, LLC, allowed John Doe to order, advise, and restrict patrons of Zanzibar on the Waterfront, LLC, while Allen Iverson was present.

12. Defendant Allen Iverson knew or should have known that allowing John Doe to restrict, order, and/or place limitations on patrons at Zanzibar on the Waterfront, LLC, would cause contentions with patrons and John Doe.

13. Greg Broady, on June 4, 2004, was told by John Doe he would not be allowed to go from one portion of Zanzibar on the Waterfront, LLC, to another.

14. Greg Broady advised other employees and/or agents of Zanzibar on the Waterfront, LLC, of the restrictions placed on him by John Doe.

15. John Doe's restrictions were with the knowledge and authority or apparent authority of defendants Zanzibar on the Waterfront, LLC, and Allen Iverson.

16. Greg Broady attempted to traverse from one portion of Zanzibar on the Waterfront, LLC, to the other, and was confronted and severely injured by John Doe.

17. At that time, John Doe was acting as the agent/employee and with the apparent authority of Zanzibar on the Waterfront, LLC, and Allen Iverson.

18. Defendants Zanzibar on the Waterfront, LLC, and Allen Iverson are responsible for the actions of John Doe, who was acting as their agent/employee at the time.

19. Zanzibar on the Waterfront, LLC, would be responsible for the actions of John Doe in the alternative for failure to take reasonable and appropriate measures to restrict the conduct of the individuals, including John Doe, accompanying Allen Iverson.

20. Zanzibar on the Waterfront, LLC, knew or should have been aware that it was dangerous to allow other individuals marked "Security" onto its location, and to allow those individuals to assume the security and take steps to restrict the flow of patrons at Zanzibar on the Waterfront, LLC.

21. Allen Iverson knew or should have known that John Doe's actions in restricting access and attending Zanzibar on the Waterfront, LLC, would cause John Doe to take unreasonable and inappropriate measures to restrict the flow of patrons at Zanzibar on the Waterfront, LLC.

22.     As a direct and proximate breach of those duties, the plaintiff, Greg Broady, was severely and permanently injured.

23.     The plaintiff suffered and continues to suffer from a brain bleed, surgery, pain and suffering, scarring, inconvenience, lost time from employment, mental anguish and discomfort, and will continue to suffer that in the future.

WHEREFORE, the plaintiff, Greg Broady, seeks judgment against the defendants in the amount of SEVEN HUNDRED FIFTY THOUSAND AND NO/00 DOLLARS ($750,000.00).

                                        GREGORY BROADY
                                        By counsel

TINA L. SNEE & ASSOCIATES, PLLC

_____
Tina L. Snee, Esq. (DCB 416191)         and     David L. Marks, Esq. (DCB 461993)
9401 Lee Highway, Suite 206                     10615 Judicial Drive, Suite 101
Fairfax, VA 22031                               Fairfax, VA 22030
(703) 352-8833                                  (703) 385-1100
(703) 352-8881 (fax)                            (703) 383-0101


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this matter.

## CERTIFICATE OF SERVICE

I, Alan C. Milstein, Esquire declare under penalty of perjury that on April 24, 2006, a copy of the Defendant's Notice of Removal to the United States District Court for the District of Columbia and Certificate of Service were mailed via first class mail postage prepaid to Plaintiff's attorneys at the addresses listed below:

Tina L. Snee, Esquire
9401 Lee Highway, Suite 206
Fairfax, VA 22031
Tel: (703) 352-8833
Fax: (703) 352-8881

David L. Marks, Esquire
10615 Judicial Drive, Suite 101
Fairfax, VA 22030
Tel: (703) 385-1100
Fax: (703) 383-0101

SHERMAN, SILVERSTEIN, KOHL
ROSE & PODOLSKY, P.A.

Dated: __Monday, April 24, 2006__    By: __/s/ Alan C. Milstein__
ALAN C. MILSTEIN (NY0026)
Attorney for Defendant Allen Iverson
Fairway Corporate Center
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 488-4744