# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GREGORY BROADY,              )
                                    )
        Plaintiff,           )
                                      )
v.                                  )    Case No. 1:06-cv-00792-CKK
                                      )
ZANZIBAR ON THE WATERFRONT, LLC,  )
et al.                            )
                                      )
        Defendants.        )

**PLAINTIFF GREGORY BROADY'S STATEMENT OF DISPUTED MATERIAL FACTS AND OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Gregory Broady, pursuant to the Federal Rules of Civil Procedure 56.1 and LCvR 7(h), and files this, his statement of disputed facts, as follows:

## I. STATEMENT OF MATERIAL FACTS IN DISPUTE

The plaintiff contests Allen Iverson's statement of material facts and pursuant to the Scheduling and Procedures Order, responds to each of Allen Iverson's allegations by numbered paragraph as follows:

1. Admitted.

2. Admitted. The individual wearing a shirt indicating that he was Security came in with Allen Iverson and at that point established control of a specific area where Allen Iverson remained and began to establish control by indicating which individuals and patrons go to what parts of the bar and locations. Plaintiff's Complaint, Paragraph 5

3. Denied. John Doe came onto the premises as a guard for Allen Iverson. (Exhibit 1- Pages 55, 57, 58)

4. Admitted.

5. Admitted in part and denied in part. The plaintiff did not know if John Doe was working for Allen Iverson or defendant Zanzibar, but the facts establish his purpose was to guard Allen Iverson at Zanzibar that evening. In addition, Michel Daley, the General Manager and the 30(b)6 designee of Zanzibar indicates John Doe was working for Allen Iverson. (Exhibit 1 - Pages 55, 56, 57, 58)

6. Denied. John Doe and the other security guards came in with Allen Iverson and established an area for Allen Iverson in the Sky Club at Zanzibar. Iverson was directing who was allowed to be in the special room, and it appeared to be females. (Exhibit 1, Pages 56, 57, 58)

7. Admitted.

8. Denied. The plaintiff testified he had seen security guards at Zanzibar on previous occasions wearing similar black shirts that said "Security" across the front only when there were celebrities present. However, the security guards there with Allen Iverson had been there before with Allen Iverson. They were very big men who looked like NFL linemen. (See Exhibit 1 - Pages 48-49, 55)

9. Denied. The defendant Zanzibar testified it had numerous practices in regard to security personnel based on which owner was the general manager at the time. There are no facts establishing that was the practice that night. (Exhibit 4 - Pages 17, 27, 28, 29, 30)

10. Denied. Plaintiff was told while he was at Zanzibar that Allen Iverson would be showing up. The defendant Zanzibar, through Michel Daley, said they had not been informed that Iverson would be appearing that evening. (Exhibit 1 - Page 48)

2

11. Denied. There is no testimony that Zanzibar hired additional security on the evening in question. In fact, Zanzibar has no knowledge of what security personal were there on the evening in question for Zanzibar, and testified one security person generally would be assigned to the Sky Club level. (Exhibit 1 - Pages 23, 48)

12. Admitted.

13. Denied. Plaintiff did believe that John Doe was acting with the authority of Allen Iverson and had taken over the control of the area of Sky Club where he had been seated. It was his belief that he needed permission from John Doe to be able to get back into the seated area where he had been, because John Doe was pushing people and aggressively putting them back if they tried to get into that area. (Exhibit 11)

14. Admitted.

15. Denied. Michel Daley from Zanzibar has testified that Allen Iverson came in with security guards and that they were similar to ones that he had on another evening at Zanzibar. Further, they were providing security to Allen Iverson that evening, and Allen Iverson was indicating who was allowed back into the secluded portion of the Sky Club. In addition, after the occurrence owner Green told Gregory Broady that when the security personnel were approached about attacking Broady, that Allen Iverson indicated that "If he goes, I go", and that Allen Iverson and John Doe were allowed to stay. Additionally, Allen Iverson indicates he retained a Jason Kane to provide security when in the Washington, DC area. Allen Iverson has admitted that Jason Kane was acting as his agent in regard to security. Allen Iverson directed who was allowed to get past the security guards back into a secluded area. (Exhibit 1 - Pages 49, 55, 56, 57, 58; Exhibit 8; Exhibit 9; Exhibit 10 - Pages 119-120)

3

16. Denied.  See answer in regard to No. 15.

17. Denied.  See answer in regard to No. 15.

18. Denied.  See answer in regard to No. 15.

19. Denied.  The testimony of Michel Daley shows the area Allen Iverson was in was a small area, at the most, 30' x 60'.  (See Exhibit 1, Page 62)

20.  Denied.  Plaintiff Gregory Broady indicated he could see Allen Iverson from where he was and, therefore, there would be no reason that Allen Iverson, could not see the attack or the events leading up to the attack on the plaintiff, Gregory Broady, and or the other patrons prior to the attack on Gregory Broady, that the guards were pushing and shoving and aggressively manhandling.  Further, since he was deciding who was allowed back he was clearly watching where the guards were.  (Exhibit 1 - Page 58; Exhibit 10 - Pages 61-62, 121, 122, 123)

21. Denied.  The plaintiff did indicate that there were people between the security guard and Mr. Iverson at the time he was attacked, but also indicated that he could see Allen Iverson, and the testimony of Michel Daley establishes this small area.  (Exhibit 1 - Page 62; Exhibit 2; Exhibit 10 - Page 122.  Allen Iverson's Affidavit indicates he cannot remember an attack, not that he did not see an attack.  (Exhibit 8)

22. Admitted.

23. Denied.  The testimony of Michel Daley is that he had seen Allen Iverson with the same John Doe on prior occasions at Zanzibar.  Allen Iverson's Affidavit indicates he hired Jason Kane when he was in the Washington, DC area for security, and obviously knew him. Allen Iverson knew John Doe, and also knew his propensity of being aggressive security and had

been aggressive on a previous occasion at Zanzibar. (Exhibit 1 - Pages 48, 49; Exhibit 2; Exhibit 8)

24. Denied. There is no evidence that annual leave was not afforded by Allen Iverson. Allen Iverson has elected not to be deposed in this case and is providing no testimony at the time of trial.

25. Denied. There is no evidence that John Doe did not accumulate retirement benefits. Allen Iverson has elected not to be deposed in this case and is providing no testimony at the time of trial.

26. Denied. There is no evidence that Allen Iverson did not pay John Doe's Social Security taxes. Allen Iverson has elected not to be deposed in this case and is providing no testimony at the time of trial.

27. Denied. John Doe had previously been there and acted in a dangerous and aggressive manner. Further, the testimony of Michel Daley is that when he went up to the Sky Club to be introduced to Allen Iverson on the evening in question, he was present for approximately 30 minutes, and during that time noticed the guards aggressively pushing people and not allowing access. In addition, Michel Daley was blocked himself from going to see or speak to Allen Iverson. Michel Daley indicates that was "an incident" when he was not allowed to enter portions of his club, that it was cleared up with the help of his own security so he could re-enter part of his club. He described the security guards for Iverson as large and handled people aggressively. Gregory Broady testified that the security guard was trying to keep people out and was pushing people back and forth. During all this time Allen Iverson was right there. (Exhibit 1 - Pages 58, 59, 61-65, 106; Exhibit 2; Exhibit 10 - Pages 61, 62, 121, 122)

28. Denied. The aggressive actions of John Doe put Allen Iverson on notice of his dangerous propensities and aggressive actions of his guards, including John Doe.

29. Denied. Wendell Jones testified that he was not present, and not sure if employed in June 2004 for Zanzibar, and probably was not present, since on weekends he would go to see his son in Canada. Zanzibar's Answers to Interrogatories indicate Allen Iverson had been at Zanzibar with the same individuals before, and they had acted aggressively. Michel Daley also testified that Iverson had been present on at least one other occasion, and the same guards were there and were aggressive in nature. Ola Olasehinde stated Iverson's bodyguards were very big and very real and intimidating. (Exhibit 4 - Page 25; Exhibit 3, Exhibit 7 - Pages 30, 52-53)

30. Denied. Wendell Evans is unsure if he even worked at Zanzibar during this time period. Michel Daley in his deposition testified that Iverson and the same guards had been to Zanzibar. They were also clearly aggressive the night in question throughout the evening before this incident. (Exhibit 1 - Pages 56-59; Exhibit 2; Exhibit 7 - Pages 12, 24, 25, 30, 52, 53)

31. Denied. There is ample evidence that Allen Iverson was aware of John Doe's behavior prior to the striking of Gregory Broady. Michel Daley's testimony was Iverson always had the same guards and they acted in an aggressive manner. On the evening of question, they were pushing and shoving at people, and even blocked the owner of the premises from entering. (Exhibit 1 - Pages 56-59, 61-63)

32. Admitted.

33. Admitted that this is the description and is best described by attached Exhibit 2, drawn by Michel Daley as to where the people were seated.

34. Denied as taken out of context. Mr. Olashehinde does not recall Allen Iverson being there that evening, and never went to the Sky Club to determine how things occurred. He further testified that he was just a patron on this evening, and that Zanzibar was being run by Michel Daley, who was the General Manager. (Exhibit 4 - Pages 17, 30, 59, 63)

## II. ADDITIONAL MATERIAL FACTS

1. Ola Olasehinde, who is an owner, but considered himself a patron on the night of June 4, 2004, indicates that it was a light night, there were not many people. (Exhibit 4 - Page 61)

2. Michel Daley testified that, generally, there would be one Zanzibar security guard in the Sky Club. (Exhibit 1 - Page 23)

3. Michel Daley is unaware of how many guards, what guards, or who was posted in the Sky Club as an employee of Zanzibar at the time. (Exhibit 1 - Pages 21-22.

4. Wendall Evans does not believe he was working that night. (Exhibit 7 - Pages 52, 53)

5. Zanzibar did not have a written security policy at that time and Iverson should not have relied on Exhibit J. (Exhibit 1 - Pages 24, 25)

6. Allen Iverson came to the club with four guards, and had been to Zanzibar on other occasions with those same guards, who acted in an aggressive manner. (Exhibit 1 - Pages 48, 49; Exhibit 3)

7. That the guards appropriated a portion of the Sky Club for Allen Iverson's benefit. This area was small, and Allen Iverson could see the actions of his guards. (Exhibit 1 - Pages 55-59, 61-65)

7

8. That prior to the striking of Gregory Broady, the guards were aggressively pushing and shoving people. This would be obvious to Allen Iverson in a small area. (Exhibit 1 - Pages 61-65; Exhibit 10 - Pages 121-123)

9. That Allen Iverson determined who was allowed to enter into the secluded area, and was directing the guards who should be allowed back. (Exhibit 1 - Pages 56-58)

10. That Michel Daley was not allowed to enter by Allen Iverson's guards. Michel Daley had to get his own guards to talk to the guard before he was allowed in. (Exhibit 1 - Pages 61-65)

11. The cordoning off of the area by Allen Iverson's guards was for the benefit of Allen Iverson. (Exhibit 1 - Pages 55-58)

12. That the guards were agents and/or employees of Allen Iverson, as indicated by his affidavit indicating he retained Jason Kane for security in the Washington, DC area, and refers to them as "my security". Further, he has admitted to an agency relationship with Jason Kane in a similar assault. (Exhibit 9)

13. That Zanzibar's expert, William Gaut, indicates at page 5 of his report that a portion of the Sky Club was delegated to a celebrity (Allen Iverson). (Exhibit 5)

14. That Norman Bates, plaintiff's expert, states that the Allen Iverson guard who struck Gregory Broady was using excessive force and was in violation of the duties of security guards in regard to the restraining of patrons. (Exhibit 6)

15. After Gregory Broady was struck and injured, the John Doe guard was approached about his behavior, Allen Iverson indicated, "If he goes, I go.", and both were allowed to stay. That represents ratification of the conduct by Allen Iverson. (Exhibit 10 - Pages 119-120)

8

Respectfully submitted,

Dated: February 5, 2008

TINA L. SNEE & ASSOCIATES, PLLC

Tina L. Snee, Esq (DCB 416191)
9401 Lee Highway, Suite 206
Fairfax, VA  22031
(703) 352-8833
(703) 352-8881 (fax)